**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:19-cr-98-15** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PHILLIP MOXLEY,** | ) | **OPINION & ORDER** |
| | ) | |
| **Defendant.** | | |

Before the Court is Plaintiff Phillip Moxley's Motion to Obtain Grand Jury Transcripts. **Doc #: 300**. For the following reasons, Moxley's Motion is **DENIED**.

### I.     Background

Moxley was indicted on February 27, 2019, for one count of a drug trafficking conspiracy in violation of 21 U.S.C. § 846 and two counts of using a telephone to facilitate drug trafficking in violation of 21 U.S.C. § 843(b). Doc #: 1-2 at 7. On July 6, 2020, the Government moved to dismiss all but the conspiracy count. Doc #: 297.

On July 27, 2020, Moxley filed the present motion. Doc #: 300. The Government filed its response on July 28, 2020, Doc #: 302, and Moxley filed his reply on July 29, 2020. Doc #: 303.

### II.     Legal Standards

A federal court may authorize disclosure of grand jury materials in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). The party seeking the disclosure must

demonstrate a particularized need for the grand jury materials. *In re Antitrust Grand Jury*, 805 F.2d 155, 160–61 (6th Cir. 1986) (citing *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 221 (1979)). A plaintiff demonstrates a particularized need by showing "(1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed." *United States v. Dimora*, 836 F. Supp. 2d 534, 552-53 (N.D. Ohio 2011) (citing *Douglas Oil,* 441 U.S. at 222).

### III.     Analysis

Moxley argues that he possesses "a particularized need to obtain grand jury transcripts of witness testimony for impeachment at trial." Doc #: 300 at 5. However, his request only speculates as to whether the testimony he seeks is relevant to the charges against him. *See id.* ("The charges against Moxley *may be based largely* on uncorroborated witness testimony about out of court text messages.") (italics added). General representations that a transcript "*may contain* relevant and/or exculpatory evidence" are too conjectural to establish a particularized need. *Dimora*, 836 F. Supp. 2d. at 553; *see also Atkins v. Schneider*, No. 19-2463, 2020 U.S. App. LEXIS 18164, at *2 (6th Cir. June 9, 2020) ("A generalized desire to inspect the transcripts in the hope that beneficial evidence will be discovered is insufficient to establish a particularized need."). Moxley attempts to move his request beyond the speculative when he suggests that at least some of the potentially relevant testimony was produced by an undercover witness. Doc #: 300 at 5. As this statement is factually incorrect, *see* Doc #: 302 at 4, it does not strengthen Moxley's request.

Moxley further defends his request as "more than mere speculation" by noting that the Government dismissed the other two counts against him after determining that the conversations

which supported them did not include Moxley. Doc #: 303 at 1. Moxley thus posits that it is a fact that "the Grand Jury was either misled, misguided or both" on those charges, and he questions what sources of evidence remain for his indictment. *Id.* Even so, other evidence was presented to the Grand Jury on the remaining count, and Moxley has not established any reason to think that evidence would also be tainted. *See United States v. Adamo*, 742 F.2d 927, 938 (6th Cir. 1984) (noting that even if some impermissible evidence was presented to the grand jury, the indictment was proper as long as some valid evidence to support the charges was also presented).

Moxley finally suggests that it is "more likely" that the memory of the witnesses was stronger at the time of the Grand Jury than it will have become by the time of his trial sometime in the indefinite future. Doc #: 300 at 5–6. Speculation that the passage of time requires the disclosure of grand jury testimony today cannot establish a particularized need. *See Walker v. Stanforth*, Civil Action 2:17-cv-1037, 2019 U.S. Dist. LEXIS 87613, at *17 (S.D. Ohio May 24, 2019) (noting that disclosure of grand jury materials based on mere speculation about witness memories would defeat the secrecy of grand juries). If the Government does call a trial witness who previously testified before the grand jury, the Jencks Act will require the Government to provide Moxley with a copy of the relevant grand jury testimony at that time. *See United States v. Short*, 671 F.2d 178, 187 (6th Cir. 1982).

Given the speculative nature of Moxley's request, he has not demonstrated that his request is necessary to avoid injustice or is narrowly tailored. Because Moxley's speculative request cannot establish that he possesses a particularized need for disclosure, this Court need not weigh his need against the need for secrecy. *See In re Grand Jury Proceedings*, 841 F.2d 1264, 1268–69 (6th Cir. 1988).

**IV.    Conclusion**

For the above reasons, Moxley's Motion, **Doc #: 300**, is **DENIED**.

**IT IS SO ORDERED,**

*/s/ Dan Aaron Polster July 31, 2020___*
**Dan Aaron Polster**
**United States District Judge**